Opinion of the Court.
GORE issued his scire facias against Dozier, reciting the recovery of a judgment against him, and the emanation of a capias ad satisfaciendum, and a return thereon to this effect: “ Executed on the body of J. J. Dozier, and committed him to the jail of Nelson county.” Signed by the sheriff. There is no allegation of any further proceedings, but an averment that the original judgment remained undischarged. Then follows the ordinary summons against him, to show cause why execution of the original judgment should not be had. Dozier appeared to this scire facias, and pleaded two pleas, both the same in substance; the one alleging that he had paid the original judgment, and the other that the original judgment was paid off and satisfied. The plaintiff below replied, traversing these pleas, and a jury was sworn to try the issues, who found for the plaintiff below, and judgment was rendered on the verdict; to reverse which, this writ of error is prosecuted by Dozier.
It is assigned for error, that the scire facias shows no right to the execution, or that by the showing of the plaintiff below, he had no right to further execution.
Formerly, a scire facias required a declaration, as other suits ; but now, by statute, the process itself is to answer the end of a declaration. It would seem to follow, that when this process is given by statute in any particular case, after a ca. sa. has issued, it ought substantially to set out the facts necessary to authorise its emanation. And even if another form would answer, if the scire facias attempts to recite the facts, it ought to show enough to authorise the writ. This one having shown that a capias had issued, and that the party was arrested and in prison, and saying nothing about his discharge, it made out a case not warranting the writ; for we are aware of no authority for a scire facias, or any other process at common law, after a debtor is arrested and in prison on the same judgment. On the contrary, the arrest of the body was considered a satisfaction of the judgment; and in cases even of escapes being returned, no scire facias was allowed, but another capias. Our statutes have greatly modified this common law rule; and in case of execution of the body, provides, in some instances, for a scire facias; *165 such as the case of a discharge of an insolvent prisoner, for want of payment of the prison fees, or the consent of the plaintiff to his discharge ; but none of these, or any case provided for by statute, meets this case. The scire facias, therefore, is not warranted by the averments on its own face.
A statement of the discharge and the manner of it, is so material, that the lack of it is not cured by a plea to the merits. It does not come within any of the statutes of jeofails.
But a question arises, whether the defendant below has not cured this defect, under the statutes of jeofails, by appearing and pleading to the merits; for it is certain, such appearance cures defects in a title defectively set out, though it saves not a defective title. The principle adopted by this court in the construction of these statutes, in the case of Letcher vs. Taylor, Hard, 79, applies to, and embraces this case. It is there settled, that these statutes cannot be extended to a case where there appears to be any thing wanting, which is essential to the very gist of the action—a matter omitted, of such substance, that without it the plaintiff can have no cause of action; and that the plaintiff cannot be presumed to have proved, at the trial, any thing which he had not averred, and the defendant by his pleadings had not required him to prove. Such a defect is the one apparent in this scire facias. It shows that the defendant in error has had a free and unshackled remedy on his original judgment; that remedy has been successful, so far as to secure the body, and when that is secured, the presumption is, the process will be effectual, until it is shown how its operation has been defeated. Until that is shown, the defendant in error can have no resort to a scire facias ; and the appearance of the plaintiff in error, the pleas he has filed, and issues found against him, do not show, or tend to show, that the ca. sa. is defeated, or that it has yet spent its force. Take, then, every fact admitted or found by the jury, to be true, and no scire facias will lie; no other execution can be awarded.
The judgment must, therefore, be reversed with costs, and directions to the court below to quash the scire facias with costs.